UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JENNIVER CAPTVILLE
AND LISA BEASLEY

CIVIL ACTION

VERSUS

NO. 10-267-JJB-SCR

LIBERTY MUTUAL INSURANCE COMPANY
AND MISSISSIPPI MANAGEMENT GROUP, INC.
a/k/a MMI HOTEL GROUP, INC. d/b/a
HOLIDAY INN BATON ROUGE SOUTH

## RULING ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Before the Court are motions for partial summary judgment. Plaintiffs Jenniver Captville and Lisa Beasley move for partial summary judgment regarding the negligence and liability of defendant Mississippi Management Group, Inc., a/k/a MMI Hotel Group, Inc. d/b/a Holiday Inn Baton Rouge South ("MMI"). (Doc. 17). Defendants MMI and Liberty Mutual Insurance Company have moved for partial summary judgment on the issue of lost wages sustained by Captville. (Doc. 15). Captville opposes defendants' motion (Doc. 19), and defendants filed a reply brief (Doc. 20). Oral argument is unnecessary. The Court has jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332.

### I. Facts and Procedural Background

On or about April 25, 2009, plaintiffs Captville and Beasley were at the Holiday Inn South in Baton Rouge attending a conference. (Complaint, Doc. 1-1, ¶ 4) Both women were seated on a platform which collapsed, causing injuries to both. MMI, the owner and operator of the Holiday Inn, owned and improperly set up the platform. (Plaintiffs' Statement of Undisputed Facts, Doc. 17-3, ¶ 1). MMI employees had set up the platform without training in proper installation technique. (*Id.*, ¶ 4). The legs of the platform were not properly locked into place,

1

which caused the platform to collapse. (*Id.*, ¶ 6). Had the platform been properly set up with locking legs, it would not have collapsed. (*Id.*, ¶ 3).

In their complaint for negligence, Captville claims injury to her left shoulder, arm, and back, among other damages. (Doc. 1-1, ¶ 11). She also claims lost wages. (*Id.*). Beasley similarly claims damages for wrist and back injuries along with lost wages and other damages. (*Id.*, ¶ 12). Each claims an amount of damages in excess of $50,000. (*Id.*, ¶ 13).

The complaint, originally filed in Louisiana state court, was removed to this Court on the basis of diversity of citizenship.[1] (Doc. 1). Defendants dispute only whether Captville's asserted claim for lost wages more properly belongs to the limited liability company which she co-owns and operates with her husband. Defendants did not file an opposition to plaintiffs' motion for partial summary judgment as to liability, and therefore its liability for the injuries sustained from the platform collapse is established.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment

---

[1] Captville is a Louisiana citizen. Beasley is an Indiana citizen. Liberty Mutual is incorporated in and has its principal place of business in Massachusetts. MMI is a Mississippi entity principally operating in Mississippi. The damages claimed, together, exceed $75,000. (*See* Notice of Removal, Doc. 1).

position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied*, 507 U.S. 1051. If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

### III. Analysis

The sole issue for decision here is whether Captville's lost wages claim is a personal action for which she can recover or a derivative action belonging to Trinity Enterprises of Baton Rouge, LLC, ("Trinity"), a company in which she and her husband are the sole members. (Interrogatory Answer No. 9, Doc. 19-3, pp. 4-5). Captville's sole work income comes through her employment at Trinity. (*Id.*). Trinity provides cleaning services to residential clients on a contractual basis. (Captville Deposition, Doc. 15-4, p. 21). Captville claims lost wages of $25,000 to $35,000. (Interrogatory Answer No. 9, Doc. 19-3, pp. 4-5).

Before evaluating these facts, several principles of Louisiana law bear mentioning. First, LLCS are distinct juridical persons separate and apart from its members. La. C.C. art. 24; La. R.S. 12:1303. Second, members of LLCs are not proper parties to proceedings involving the LLC, except when asserting a claim against the LLC, because the LLC itself can assert its rights

3

in its own name. La. R.S. 12:1320; La. C.C.P. 690. Third, neither corporations nor LLCs have a cause of action for claims of economic loss based on personal injuries sustained by an employee or even an owner. *James v. Lincoln General Ins. Co.*, No. 09-0727, 2011 WL 3878339, at **5-6 (W.D. La. Aug. 30, 2011) (discussing cases). The corollary principle is also true—members of an LLC have no legal interest in pursuing an action when the damages are incurred by the LLC itself. *Wallace v. AeroPremier Jet Center, LLC*, No. 10-1136, 2010 WL 3081370, at **2-3 (E.D. La. Aug. 5, 2010).

In this case, Captville gave deposition answers which arguably show that at least some portion of her lost wages claim belongs to the LLC itself rather than to her personally. When examined by defense counsel, she stated in her deposition:

> Q: You estimate – you lost, approximately, 25,000 to $35,000 in wages. What does that figure represent? How did you come up with that number?
> A: I have not been able to work my job sites to actually get the contracts going.
>
> Q: So is it that figure represents 25,000 to $30,000 that Trinity Enterprises has not received pursuant to contracts because of the injuries you sustained in the accident?
> A: I'm not sure if I understand that question.
>
> Q: Well, what I want to know is if that is reflecting money that the … company didn't receive under contracts that you would have had to pay employees and everything like that and subsequently yourself, or is that a figure that represents what you would have paid yourself after all other expenses had been paid? What I want to know in particular, is that a wage as it pertains to you, 25,000 to 35,000 lost or money that would have gone to Trinity which would have subsequently allowed you to pay other expenses and ultimately yourself at the end of the day?
> A: Moneys that would have gone to Trinity.

(Captville Deposition, Doc. 15-4, pp. 36-37).

When her own attorney examined her, she responded differently:

> Q: [W]hen you got the interrogatories, … you tried to make an estimate of what you thought you lost in income; is that correct?
> A: Yes.

4

> Q: Were you making that estimate based on your belief that had you been more involved in the business, that Trinity would have actually made more money?
> A: Absolutely, yes.
>
> Q: If Trinity had made more money, you would, in fact, be in a position to pay yourself an additional salary?
> A: Yes.
>
> Q: And you were not in a position to do that because it didn't make money; is that correct?
> A: That is correct.
>
> Q: Was your estimate of the amount that you would have actually been paid additionally between 25 to $35,000?
> ***
> A: That's what I would have been paid.

(*Id.*, pp. 77-78).

When she was again questioned by defense counsel as to why her answer changed, she responded:

> A: What has changed would be trying to be more precise in answering the question, have a better understanding of the formatting of the question.
>
> Q: So your testimony is that the 25 to $30,000 is not money that Trinity missed out on because of lost contracts, that is money that you would have paid yourself after Trinity received its money; is that correct?
> A: That's a pretty good approximation.

Given this conflicting testimony, the Court finds genuine disputes of material fact remain on the issue of lost wages. It is certainly unclear how Captville can claim that amount of money as lost wages when she stated in her deposition that she only made $3,000 in 2010, but that matter seems best suited for cross examination at trial.

The bottom line is that the parties appear to be talking at cross purposes. Defendants want summary judgment "to the extent her wage claim contains losses attributable to the LLC and not her individually." (Memo. in Support, Doc. 15-3, p. 6). That is fair enough, but appears

to be styled more in the manner of a declaratory judgment on an issue of law than a summary judgment. Defendants "further move to exclude recovery for loss of income, gross and/or net, of Trinity Enterprises, LLC." Again, this is not disputed. Captville, worrying that this motion would jeopardize her entire lost wages claim, accuses defendants of attempting "to elevate a dispute in the facts over how much the gross revenues of Trinity Enterprises, LLC decreased, which in turn had an impact on how much income Ms. Captville loss, [sic] into an argument that Ms. Captville's loss of income is actually a claim for the losses suffered by the company." (Memo. in Opp., Doc. 19, p. 4).

Captville is certainly correct that the source of her income and ownership of her employer play no role in whether she is eligible to recover lost wages. The Court is also convinced that just because her income derives from an entity she partially owns is also immaterial. To hold otherwise would arbitrarily penalize small business owners simply because they availed themselves of a particular corporate form and employed themselves, penalties which would surely run contrary to Louisiana public policy and the purpose behind sanctioning limited liability companies.

The Court has simply not been apprised of facts showing "the lost wage claim of $25,000-30,000 is money attributable to Trinity Enterprises, LLC and not to plaintiff individually." (Defendants' Statement of Uncontested Facts, Doc. 15-2, ¶ 4). Because nothing in the record conclusively establishes or refutes her claim for lost wages or the amount thereof, the Court declines to do so now. Because defendants admit liability for Captville's injuries and do not contest either that she was previously employed or that her injuries hindered her ability to work, presumably she is entitled to some amount of lost wages, subject to the usual caveats such as mitigation that go along with proving damages. Documentary evidence provided at trial,

rather than the imprecise deposition testimony quoted in this motion, will put the jury in a better position to evaluate defendants' argument.

## IV. Conclusion; Order

Accordingly, the Court GRANTS in part and DENIES in part defendants' motion for partial summary judgment (Doc. 15). Losses attributable to Trinity Enterprises, LLC, cannot be recovered by Captville in this action, but lost wages attributable to Captville personally are recoverable in this action. The precise amount of lost wages is a matter for the jury to resolve.

Plaintiffs' unopposed motion for partial summary judgment (Doc. 17) is GRANTED. Defendant MMI Hotel Group, Inc. is liable to plaintiffs for their injuries suffered as a result of the platform collapse.

Signed in Baton Rouge, Louisiana, on January 11, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**